UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JOSEPH PAUL YOUNG,

    Movant,

v.                                  Case No. 2:08-cr-00226
                                   Case No. 2:12-cv-00002

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

      Pending before the court is the movant's Motion to Appoint Counsel and Motion for Evidentiary Hearing (ECF No. 78), in which the movant seeks relief for the alleged breach of his plea agreement in the form of voiding his plea agreement. The presiding District Judge ordered the United States to respond, and the response was filed on December 29, 2011 (ECF No. 86). The United States asserts that the Motion is a successive motion under 28 U.S.C. § 2255 motion as to which this court lacks jurisdiction.

      The undersigned agrees that the movant is seeking relief similar to that of a section 2255 motion. However, in *Castro v. United States*, 540 U.S. 375, 382-83 (2003), the Supreme Court of the United States held that when a district court proposes to construe a post-conviction motion as a movant's first collateral attack of a judgment under 28 U.S.C. § 2255, it is required to notify the movant of the restrictions and limitations under section 2255, thereby giving the movant an opportunity to contest the

recharacterization, or to withdraw or amend the motion. *See also United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002).

On January 3, 2012, the undersigned entered an Order advising the movant of the restrictions and limitations under section 2255, and setting a deadline of January 20, 2012, for the movant to advise the court of whether he would agree to the recharacterization of his motion or whether he wished to have it ruled on as pending. (ECF No. 88.) The above-referenced civil action was opened to address the pending motions. (*Id.*)

On January 17, 2012, the movant requested a 14-day extension of time to respond to the undersigned's Order, due to his transfer by the Bureau of Prisons to another facility. (ECF No. 91.) The motion for an extension of time was granted on January 18, 2012, and it was ordered that the movant's response be filed by February 3, 2012. (ECF No. 93.)

On February 2, 2012, the movant filed what he called Movant's Response to his request for: 1) Evidentiary Hearing 2) Appointment of Counsel. (ECF No. 94.) This Response further addresses the substance of the movant's arguments made in his initial motions, but does not address the recharacterization issue.

On February 23, 2012, the movant provided the court with a notice of his change of address, which the Clerk acknowledged by way of a letter dated February 24, 2012. (ECF Nos. 95 and 96.)

Then, on March 2, 2012, the Clerk received a document entitled "Supplement to 1) Appointment of Counsel 2) Evidentiary Hearing." (ECF No. 97.) The Clerk docketed that document as a "Supplemental Motion." (*Id.*) In that document, the movant contests the government's assertion that his motions are a successive 2255 motion, and

2

contends that court has jurisdiction over his plea agreement as part of his criminal case. The movant then attempts to establish that, if he is "forced" into an unwanted civil case under section 2255, his motion would be timely if the statute of limitations is run from July 14, 2011, the date that the United States Court of Appeals for the Eighth Circuit affirmed his South Dakota conviction, which the movant claims was based in part on the alleged unauthorized use of evidence from his case in West Virginia. (ECF No. 97 at 1.)

The undersigned construes the movant's "Supplemental Motion" as a request that his motions <u>not</u> be treated and analyzed under section 2255. Accordingly, the undersigned will not treat the documents as a section 2255 motion. Nevertheless, the movant is not entitled to any relief from this court.

## **ANALYSIS**

On April 8, 2009, the movant, pursuant to a written plea agreement, pled guilty in the United States District Court for the Southern District of West Virginia to one count of bank robbery in violation of 18 U.S.C. § 2113. (Case No. 2:08-cr-00226-01, ECF Nos. 26-30). As noted by the United States in its response, the facts regarding the bank robbery were set forth in a Stipulation of Facts which was made a part of the plea agreement. (ECF No. 29 at 5, ¶ 10 and at 11-14.) The movant's plea agreement also contained a waiver of his right to challenge his guilty plea in any collateral attack, including in a section 2255 motion. (*Id.* at 7, ¶ 12.)

The movant's plea agreement to his charges in this United States District Court also contained a provision entitled "USE IMMUNITY," which states as follows:

> Unless this agreement becomes void due to a violation of any of its terms by Mr. Young, nothing contained in any statement or testimony provided by Mr. Young pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Young directly or indirectly, in any

3

>further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

(*Id.* at 5, ¶ 8.) The plea agreement also contains a provision which states that, if either the United States or Mr. Young violate the terms of this agreement, the other party will have the right to void the agreement. (*Id.* at 9, ¶ 17.)

The movant contends that the United States Attorney for the District of South Dakota introduced into evidence at the movant's South Dakota trial, information regarding the bank robberies the movant committed in West Virginia. The movant asserts that the use of the information in South Dakota constituted a breach of his plea agreement in this court. The government asserts that this is the movant's "latest attempt in his efforts to overturn his criminal conviction," noting that the movant has already filed an unsuccessful section 2255 motion in this court. (ECF No. 86 at 3-4.)

The movant is not challenging the use of any evidence that led to his conviction in this court. Rather, he is challenging the use of evidence that led to his conviction in the United States District Court for the District of South Dakota. The proper vehicle to challenge his South Dakota conviction is a direct appeal of that conviction (which the movant pursued) or a collateral attack of that conviction filed in the District Court in South Dakota. The undersigned notes that the movant could have objected to the use of evidence concerning his West Virginia bank robberies during his South Dakota trial. A review of the Eighth Circuit's opinion indicates that the movant waived any error stemming from the admission of the West Virginia evidence. *United States v. Young*, 644 F.3d 757, 760 n.2 (8th Cir. 2011).

Moreover, if the movant is trying to get his conviction and sentence vacated in this court because of the alleged breach of the plea agreement, that issue must be

4

addressed through a section 2255 motion, to which the movant has not consented. In light of the movant's prior section 2255 motion, a new section 2255 motion would be considered successive and the movant must first obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a successive motion.

Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the movant's Motion for an Evidentiary Hearing and for Appointment of Counsel (ECF No. 78), **DENY** the movant's Supplement to 1) Appointment of Counsel 2) Evidentiary Hearing (ECF No. 97), and dismiss the civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v.*

5

*Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the movant and counsel of record.

<u>March 15, 2012</u>

Mary E. Stanley
United States Magistrate Judge